O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO CALDERON, | Case No. EDCV 13-1445 RNB |
| Plaintiff, | |
| vs. | ORDER AFFIRMING DECISION OF COMMISSIONER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

**A.  Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination (Disputed Issue One).**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

Disputed Issue One is directed to the ALJ's adverse credibility determination with respect to plaintiff's subjective symptom testimony. (See Jt Stip at 3-14.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." See Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991).

Here, plaintiff testified that he cannot work because of lower back pain that radiated to his right leg and that limited him to lifting 10 pounds, sitting and standing for 10-15 minutes, and walking for half a block. (See 1 AR 49-50.) Plaintiff also testified that he cannot work because of depression, anxiety, and panic attacks that made it difficult to concentrate and breathe and that caused isolation from others. (See 1 AR 51-53.) The ALJ determined that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's RFC. (See 1 AR 16.)

In support of this adverse credibility determination, the ALJ proffered three reasons. As discussed below, the Court finds that, although one of the three reasons was not a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination, the other two reasons were legally sufficient.

One of the reasons proffered by the ALJ was that plaintiff's "allegations are greater than expected in light of the objective evidence of record," which indicated "routine conservative treatment for complaints of back pain and mental illness." (See 1 AR 17.) Plaintiff contends that this reason was legally insufficient because, inter alia, the ALJ did not specifically identify what objective evidence undermined his testimony. (See Jt Stip at 9.) The Court concurs. Although there is authority for the proposition that an ALJ may properly rely on inconsistencies between a plaintiff's testimony and the objective medical evidence before the ALJ, see, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005), it is still incumbent upon the ALJ to specify how the objective medical evidence undermines the testimony. Moreover, although there is authority for the proposition that an ALJ may properly rely on evidence of conservative treatment in support of his adverse credibility determination, see, e.g., Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008), such a finding must be supported by substantial evidence. Here, although the ALJ did summarize some of the objective medical evidence, he failed to explain his conclusion that plaintiff's allegations were greater than expected in light of that evidence, and his finding of conservative treatment is not supported by substantial evidence in the record. Accordingly, the Court finds that this was not a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Parra, 481 F.3d at 750 ("The ALJ must provide 'clear and convincing' reasons to reject a claimant's subjective testimony, by specifically identifying 'what testimony is not credible and what evidence undermines the claimant's complaints.'") (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995)); Fair v. Bowen, 885 F.2d 597, 602 (9th Cir. 1989) ("In order to disbelieve a claim of excess pain, an ALJ must make specific findings justifying that decision.").

Another reason proffered by the ALJ was that plaintiff acknowledged receiving unemployment compensation, which would have required him to certify that he was physically and mentally able, willing, and available to work. Relatedly, the ALJ

noted that plaintiff attended classes on Monday through Thursday for a program whose objective is to find employment for participants. (See 1 AR 16; see also 1 AR 40, 202, 206.) The Court finds that this constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (claimant's subjective symptom testimony was belied by evidence that she recently worked and sought out other employment); Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988) (ALJ properly found claimant not credible when he received unemployment insurance benefits, apparently considering himself capable of work and holding himself out as available for work); see also Schmidt v. Barnhart, 395 F.3d 737, 746 (7th Cir. 2005) (recognizing that receipt of unemployment benefits could adversely impact a claimant's credibility); Johnson v. Chater, 108 F.3d 178, 180 (8th Cir. 1997) (denial of benefits was bolstered by the fact that claimant received unemployment compensation).[2]

The final reason proffered by the ALJ was that plaintiff's daily activities – preparing meals, taking his daughters to and from school, doing laundry, attending church related activities several times per week, and attending job training classes from Monday through Thursday for two hours each time – undermined plaintiff's credibility because the "physical and mental abilities and social interactions required in order to perform these activities are the same as those necessary for obtaining and maintaining employment." (See 1 AR 17; see also 1 AR 202-04, 206.) The Court

---

[2] The Court is mindful that, in Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1161-62 (9th Cir. 2008), the Ninth Circuit held that receipt of unemployment benefits per se does not necessarily constitute a legally sufficient reason for an adverse credibility determination when the record "does not establish whether [the claimant] held himself out as available for full-time or part-time work." Here, the ALJ cited evidence in the record establishing that plaintiff had held himself out as available for work by regularly attending classes for a program whose purpose was to find him employment. (See 1 AR 16; see also 1 AR 202, 206.)

4

finds that this also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ did not err in finding that the claimant's ability to perform chores such as cooking, laundry, washing dishes, and shopping undermined the credibility of her subjective complaints); Tidwell v. Apfel, 161 F.3d 599, 601, 602 (9th Cir. 1998) (claimant's testimony that she did the laundry, cleaned the house, vacuumed, mopped, dusted, and shopped for groceries was inconsistent with claim of severe back impairment); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (per curiam) (holding that the ALJ did not err in concluding that the claimant's ability to cook, do dishes, go to the store, visit relatives, and drive indicated that he could perform light work).

Accordingly, the Court finds that even if the ALJ did err in relying on one of his three stated reasons in support of his adverse credibility determination, the error was harmless because the ALJ's other two stated reasons and ultimate credibility determination were supported by substantial evidence. See Carmickle, 533 F.3d at 1162-63 (holding that ALJ's reliance on two invalid reasons in support of adverse credibility determination was harmless where remaining reasons were adequately supported by substantial evidence).

**B. Reversal is not warranted based on the ALJ's and Appeals Council's alleged failure to properly consider the treating medical evidence (Disputed Issue Two).**

Disputed Issue Two is directed to the ALJ's consideration of the opinion of Dr. Huot and the Appeals Council's consideration of the opinion of Dr. Minkoff. (See Jt Stip at 14-23.) Both Dr. Huot and Dr. Minkoff were plaintiff's treating physicians.

Dr. Huot

The law is well established in this Circuit that a treating physician's opinions

5

are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes, 881 F.2d at 751. The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

Dr. Huot completed a check-the-box form stating that plaintiff had a chronic condition that rendered plaintiff unable to work. (See 1 AR 525.) The ALJ addressed this opinion as follows (see 1 AR 20):

> *I note Dr. Huot merely checked a box on a form in reaching this conclusion. This statement is vague, as he did not give specific functional limitations or provide medical records upon which he based his opinions. This determination is conclusory, and consequently was given [no] probative value and is rejected.*

The Court finds that this was a legally sufficient reason on which the ALJ could properly rely to accord no probative value to Dr. Huot's opinion. It is well-

established that an ALJ need not accept a treating medical opinion that is brief, conclusory, and inadequately supported, particularly if that opinion is expressed in an unexplained check-off report. See, e.g., Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that treating physician's opinion that was "unsupported by rationale or treatment notes, and offered no objective medical findings" to support diagnoses was properly rejected); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that ALJ permissibly rejected "check-off reports that did not contain any explanation of the bases of their conclusions").

Moreover, the Court disagrees with plaintiff that the ALJ should have re-contacted Dr. Huot before rejecting his opinion as "vague." (See Jt Stip at 17-18.) The duty to re-contact a treating source only arises when the evidence of record is insufficient or inadequate for the ALJ to make a disability decision. See 20 C.F.R. §§ 404.1512(e), 404.1527(c)(3), 416.912(e), 416.927(c)(3); Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005); see also Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, notwithstanding the ALJ's observation, the ALJ found that the record was sufficient and adequate to make his findings and decision. Accordingly, the ALJ did not have a duty to re-contact Dr. Huot for clarification. See Bayliss, 427 F.3d at 1217 (ALJ did not have duty to re-contact doctors where he found the evidence adequate to make a determination regarding disability).

Dr. Minkoff

After the ALJ issued his decision, plaintiff requested review by the Appeals Council and proffered, for the first time, an opinion by Dr. Minkoff. In an opinion very similar to that of Dr. Huot, Dr. Minkoff stated in a check-the-box form that plaintiff had a chronic condition that rendered plaintiff unable to work. (See 2 AR

1106.) The Appeals Council received Dr. Minkoff's opinion and made it part of the record (see 1 AR 5), but denied plaintiff's request for review (see 1 AR 1). Accordingly, the ALJ's decision became the Commissioner's final decision.

The Ninth Circuit has held that "when the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence." See Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1163 (9th Cir. 2012). Under this authority, the Court must consider Dr. Minkoff's opinion when reviewing the ALJ's decision for substantial evidence or legal error.

After considering Dr. Minkoff's opinion as part of the record as a whole, the Court finds that the ALJ's decision was not rendered erroneous by Dr. Minkoff's opinion. Dr. Minkoff's opinion, like Dr. Huot's opinion, is brief, conclusory, inadequately supported, and memorialized in an unexplained check-off report.

Moreover, the Court rejects plaintiff's contention that reversal is warranted based on the Appeals Council's failure to provide specific and legitimate reasons supported by substantial evidence to reject Dr. Minkoff's opinion. (See Jt Stip at 18.) The Appeals Council is not required to provide "detailed rationale" whenever it is faced with new evidence. See Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1232 (9th Cir. 2011) (citing Gomez v. Chater, 74 F.3d 967, 972 (9th Cir. 1996) (noting that "the Appeals Council is not required to make any particular evidentiary finding" about evidence presented to it for the first time)).

The Court is mindful that in Ramirez v. Shalala, 8 F.3d 1449, 1451-55 (9th Cir. 1993), another Ninth Circuit panel had faulted the Appeals Council for failing to give any reason, let alone a "specific and legitimate" reason based on substantial evidence of record, for rejecting the opinion of a treating physician contained in a report submitted to the Appeals Council in conjunction with the claimant's request for review, and had remanded to the district court for an immediate award of benefits.

However, the Court notes that several Ninth Circuit district courts have questioned the continued applicability of Ramirez in light of the more recent directives in Taylor and Gomez. See, e.g., Palomares v. Astrue, 887 F. Supp. 2d 906, 915 (N.D. Cal. Aug. 13, 2012) ("The Court is persuaded that given the role of this reviewing court apparently assigned by the Ninth Circuit's recent decision in Taylor, the Appeals Council is not required to give specific and legitimate reasons for its rejection of a treating physician's evidence when it does not review the ALJ's decision."); Warner v. Astrue, 859 F. Supp. 2d 1107, 1115 (C.D. Cal. Apr. 26, 2012) ("The Taylor decision thus calls into serious question whether District Courts in the Ninth Circuit should continue to impose on the Appeals Council the same requirements for rejecting newly submitted medical opinions as the courts impose on ALJs for rejecting previously submitted medical opinions."); Worthen-Smith v. Colvin, 2013 WL 4049050, at *5 (E.D. Cal. Aug. 9, 2013) ("[U]nder Taylor, Plaintiff's argument that the Commissioner's decision is legally deficient for failing to include 'specific and legitimate reasons' for discounting Dr. Blankenship's disability opinion, is unpersuasive."); Coleman v. Astrue, 2012 WL 987735, at *9 (S.D. Cal. Feb. 14, 2012) ("Because the court cannot affirm or reverse the Appeals Council's decision, it makes sense that the court would not evaluate whether the Appeals Council made sufficient findings.").

In any event, even assuming arguendo that Ramirez governs and it was error for the Commissioner to fail to provide a detailed rationale for rejecting Dr. Minkoff's opinion, the Court finds that any such error was harmless for the same reasons underlying the Court's finding above that the ALJ's decision was not rendered erroneous by Dr. Minkoff's opinion. See, e.g., Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) (holding that reversal not warranted for failure to discuss treating psychiatrist's letter that contained an "[a]fter-the-fact" diagnosis that claimant was severely impaired); Molina v. Colvin, 2013 WL 5220570, at *2 n.2 (C.D. Cal. Sept. 16, 2013) (noting that any asserted error in failure to discuss a

treating physician's opinion, reflected on a one-page, check-the-box medical information release form, that plaintiff had a medically verifiable condition that limited the performance of certain tasks was harmless); <u>Hollingsworth v. Colvin</u>, 2013 WL 3328609, at *3-*5 (W.D. Wa. July 1, 2013) (finding that any error in failure to address treating physician's opinion was harmless where plaintiff's own reported activities of daily living did not support her disability claim and where the opinion was "devoid of any explanation" for the limitation contained therein); <u>Webb v. Astrue</u>, 2012 WL 1566230, at *3 (D. Or. May 2, 2012) (finding that any error in failure to discuss treating physician's opinion that claimant needed additional breaks was harmless where the opinion was conclusory, brief, and unsupported by the record or by any objective medical findings); <u>Hacker v. Astrue</u>, 2010 WL 1268012, at *7 (C.D. Cal. Mar. 31, 2010) (finding that any error in failure to address a treating source "opinion" was harmless where the report containing the opinion was conclusory and unsupported by any clinical findings).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: <u>May 6, 2014</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE